FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 31  AM 11: 48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BENNIE G. TATE, JR. AND<br>LETA REBECCA TATE | * <br> * <br> * | CIVIL ACTION NO. |
| VERSUS | * <br> * | JUDGE **06-4014** |
| GLAXOSMITHKLINE AND<br>OCHSNER CLINIC FOUNDATION | * <br> * | MAGISTRATE |
| * * * * * * * * * * * * * * * * | | **SECT. B MAG 3** |

### NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT,
      EASTERN DISTRICT OF LOUISIANA

Pursuant to 28 U.S.C. § 1446, Defendant, SmithKline Beecham Corporation d/b/a GlaxoSmithKline (improperly sued as "GlaxoSmithKline") (hereinafter "GSK"), with full reservation of any and all defenses, objections, and exceptions, provides Notice of Removal of this civil action to the United States District Court for the Eastern District of Louisiana, and respectfully represents that:

1.

On June 26, 2006, plaintiffs Bennie G. Tate, Jr. and Leta Rebecca Tate commenced an action against GSK and Ochsner Clinic Foundation in the 21st Judicial District Court for the Parish of

1

Fee $350.00
___ Process _____
_X_ Dktd _____
_✓_ CtRmDep _____
___ Doc. No _____

Tangipahoa, State of Louisiana, entitled *"Bennie G. Tate, Jr. and Leta Rebecca Tate v. Glaxo Smith Kline and Ochsner Clinic Foundation,"* No. 2006-0002096, on the docket of said court. This action is brought on behalf of Plaintiffs for "any and all damages incurred as the result of the death of [their son] Nathan Richard Tate," allegedly resulting from the decedent's use of the prescription medication Wellbutrin®. (Pet. ¶¶ 6, 7, 10).

2.

Service of process was effected on GSK by certified mail on July 6, 2006, pursuant to the Louisiana Long Arm Statute, La. Rev. Stat. § 13:3201, *et seq.*

3.

As will be shown more fully below, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and there is complete diversity of citizenship between the plaintiff and the only properly joined defendant, GSK. Thus, this action may be removed by GSK to this Court pursuant to the provisions of 28 U.S.C. § 1441.

I.   **JURISDICTIONAL BASIS FOR REMOVAL**

4.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiffs and the properly joined defendant, GSK.

A.  **The Amount in Controversy is Satisfied.**

5.

The amount in controversy requirement is satisfied because it is facially apparent that Plaintiffs assert claims that if proved would more likely than not exceed $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Plaintiffs allege that "Nathan Richard Tate committed suicide" and that "said suicide was caused or contributed to by the Wellbutrin ... manufactured and sold by GlaxoSmithKline." (Pet. ¶¶ 6,7). Plaintiffs seek unlimited damages for wrongful death of the decedent, medical expenses, funeral expenses, loss of love, affection and support, mental anguish, and mental pain and suffering. (Pet. ¶ 10).

B.  **There Is Complete Diversity of Citizenship.**

6.

On information and belief, Nathan Richard Tate, decedent, was prior to his death a resident and citizen of the State of Louisiana. (*See* Exhibit "A", Obituary, The Advocate, July 2, 2005.)

7.

On information and belief, Plaintiffs Bennie G. Tate, Jr. and Leta Rebecca Tate are, and at the time suit was filed were, residents and citizens of the State of Louisiana. (*See* Pet. pref. ¶.)

8.

Defendant GSK is a corporation duly organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania. GSK was not at the time of commencement of this action nor at any time thereafter a citizen of the state of Louisiana. *See* 28 U.S.C. § 1332(c)(1).

3

9.

Plaintiffs' Petition alleges a medical malpractice claim against Ochsner Clinic Foundation, allegedly a citizen of the State of Louisiana. ("OCHSNER CLINIC FOUNDATION, Louisiana corporation doing business in the State of Louisiana and Parish of Tangipahoa", Pet. ¶ 1(b).) The presence of Ochsner Clinic Foundation in Plaintiffs' Petition does not destroy this Court's diversity jurisdiction because it is improperly joined.[1]

**C.     Ochsner Clinic Foundation Is Improperly Joined.**

10.

The doctrine of improper joinder prevents plaintiffs from defeating federal diversity jurisdiction simply by naming non-diverse defendants. In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether "there is . . . [a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (quoting *Badon*, 236 F.3d at 286 n.4). Here, there is no reasonable basis to predict that Plaintiffs might be able to recover against Ochsner Clinic Foundation. Accordingly, Ochsner Clinic Foundation is improperly joined and this Court has diversity jurisdiction.

---

[1] Courts historically have called this the "fraudulent joinder" doctrine. In *Smallwood v. Ill. Cent. R.R.. Co.*, however, the Fifth Circuit adopted the term "improper joinder," finding it more consistent with the related statutory language while noting there is "no substantive difference" between the terms. 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). GSK therefore uses the Fifth Circuit's preferred terminology in this Notice.

11.

Upon information and belief, Ochsner Clinic Foundation is a qualified health care provider under the Louisiana Medical Malpractice Act ("LMMA"). La. Rev. Stat. § 40:1299.41(A)(1); (*see* Exhibit "B", Correspondence from Louisiana Patient's Compensation Fund, July 27, 2006). The LMMA mandates that "[n]o action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel." La. Rev. Stat. § 40:1299.47(B)(1)(a)(i). If a plaintiff files a malpractice suit against a qualified health care provider prior to submitting a claim to a medical review panel, the case must be dismissed as premature. *Dading v. Goodyear Tire & Rubber Co.*, No. 05-0100, 2005 WL 2037450, at *2 (E.D. La. July 25, 2005) (citing *Todd v. Angelloz*, 844 So. 2d 316, 318-20 (La. Ct. App. 2003)(recognizing "a court must sustain an exception of prematurity and dismiss the claim if a malpractice claim against a health care provider covered by the LMMA has been filed in district court without having first been presented to a medical review panel")); *Todd*, 844 So. 2d at 318 ("If an action against a health care provider covered by the Act has been commenced in district court and the claimant's proposed complaint has not been first presented to a medical review panel, an exception of prematurity *must be sustained, and claimant's district court claim must be dismissed*.") (emphasis added); *Jarrell v. Am. Med. Int'l, Inc.*, 552 So. 2d 756, 759 (La. Ct. App. 1989).

12.

Plaintiffs failed to comply with the LMMA medical review panel process regarding the alleged malpractice of Ochsner Clinic Foundation before filing suit. Accordingly, Plaintiffs' action against Ochsner Clinic Foundation is premature. As a result, Plaintiffs have no right to pursue a claim against Ochsner Clinic Foundation, and the joinder of Ochsner Clinic Foundation in this suit

is improper and must be disregarded for jurisdictional purposes. *See, e.g., Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006); *Bourne v. Eli Lilly & Co.*, No. 05-1212, 2005 WL 2998914, at *2 (W.D. La. Nov. 8, 2005).[2]

13.

*Bourne* is instructive. In *Bourne*, applying the LMMA, the court held that because a claim filed against a physician defendant prior to the completion of the medical review panel procedure was premature and subject to dismissal, the physician defendant's "presence must be disregarded for the purposes of determining diversity jurisdiction." *Id.* at *3. The court recognized that, at the time of removal, "plaintiffs do not have a right to pursue a claim in any court against [the physician defendant] . . . . [and] the propriety of removal is to be judged as of the time of removal, not as of some future time." *Id.* at *2. The court properly held that "the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at present." *Id.*; *see also Audrisch v. Ethicon, Inc.*, No. 02-0243, 2002 WL 32151749 (W.D. La. Apr. 11, 2002) ("We cannot, by our decision today, provide for every conceivable possibility and certainly should not refuse jurisdiction we clearly have based upon the possibility that a certain set of circumstances will all converge someday to cause a remand."); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (holding a removing defendant "need not negate any possible theory that [plaintiff] might allege in the future: only his present allegations count"); *accord St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S.

---

[2] *See also Carter v. Warner-Lambert*, No. 01-0666, slip op. (W.D. La. June 29, 2001) (mem.); *Hamilton v. Warner-Lambert*, No. 01-0667, slip op. (W.D. La. June 27, 2001) (mem.); *Gill v. Ethicon, Inc.*, No. 00-2042, slip op. (W.D. La. Jan. 22, 2001) (Report & Recommendation), Judgment (W.D. La. Feb. 23, 2001); *Boxie v. Gate Pharms., Inc.*, No. 98-2142, slip op. (W.D. La. March 10, 1999) (Report & Recommendation), Judgment (W.D. La. Apr. 12, 1999) (collected and attached hereto as Exhibit "C").

283, 292 (1938) (holding post-removal events will not defeat diversity).³ Applying those principles here, Ochsner Clinic Foundation is likewise improperly joined and its "presence must be disregarded for the purposes of determining diversity jurisdiction." *Bourne*, 2005 WL 2998914, at *3.

14.

The Fifth Circuit's recent decisions in *Holder* v. *Abbott Laboratories, Inc.*, 444 F.3d 383, 2006 WL 728028 (5th Cir. Mar. 23, 2006), and *Melder v. Allstate Corp.*, 404 F.3d 328 (5th Cir. 2005), confirm the force of these principles. In *Holder*, the Fifth Circuit affirmed the district court's denial of a motion to remand and held that non-diverse defendants were improperly joined where plaintiffs' claims against them were procedurally barred until plaintiffs satisfied a statutory exhaustion requirement. *Holder*, 444 F.3d at 388-89. The *Holder* plaintiffs filed products liability claims in state court alleging that various corporate and physician defendants were liable for injuries the plaintiffs had sustained as a result of taking a vaccine. *Id.* at 385-86. The corporate defendants removed the case to federal court, asserting that the non-diverse defendants were improperly joined. *Id.* at 386. The district court and the Fifth Circuit agreed, holding that because plaintiffs failed to first exhaust their claims against the non-diverse defendants in the United States Court of Federal Claims, as required by the Vaccine Act, the state and federal courts were without jurisdiction to hear the claims. *See id.* at 388-89. In this respect, *Holder* presents precisely the situation at issue here. Although under the Vaccine Act, just as with the LMMA, plaintiffs might someday be able to bring their claims against the non-diverse defendant after complying with the statutory mandate, that

---

³*But see Ohler v. Purdue Pharma, L.P.*, No. 01-3061, 2002 WL 88945, at *5 (E.D. La. Jan. 22, 2002) (holding that the possibility that one day plaintiff might be able to bring a mature claim against an LMMA defendant will defeat improper joinder); *Erdey v. Am. Honda Co.*, 96 F.R.D. 593, 596 (M.D. La. 1983). As addressed below, these cases are irreconcilable with subsequent Fifth Circuit precedent. *See* note 4, *infra*.

theoretical possibility is insufficient to defeat federal jurisdiction at the time of the removal. *See id.* Here, just as in *Holder*, because at the time of removal there is no "reasonable possibility" that Plaintiffs could prevail on their claims against Ochsner Clinic Foundation, it has been improperly joined and cannot undermine this Court's diversity jurisdiction.

15.

This conclusion is further compelled by the Fifth Circuit's reasoning in *Melder*, 404 F.3d 328. There, plaintiffs brought suit against out-of-state insurers and the non-diverse Louisiana Insurance Rating Commission ("LIRC"), alleging violations of the Louisiana Insurance Code. *Id.* at 330. The out-of-state defendants removed, asserting that plaintiffs had failed to undergo the administrative process required by the Louisiana Administrative Code for parties seeking relief for violations of the state insurance statutes. *Id.* at 331. The Fifth Circuit agreed, holding, "[b]ecause they have not exhausted the adequate administrative remedies provided by Louisiana law, there is no reasonable basis Plaintiffs might be able to recover in this action against the sole non-diverse defendant, LIRC. Therefore, LIRC is improperly joined; and, accordingly, the remand motion was properly denied." *Id.* at 332. Again, this reasoning controls here. Where a plaintiff has failed to exhaust his administrative remedies as against a defendant prior to filing suit, that plaintiff has no reasonable basis to recover against that defendant even if at some point in the future a post-exhaustion claim might lie. Without a reasonable basis for recovery at the time of removal, the non-defendant is improperly joined for purposes of determining whether diversity jurisdiction exists.[4]

---

[4] To the extent certain non-binding, pre-*Holder* and *Melder* district court decisions held that non-diverse defendants were properly joined even though the plaintiff's claims were premature, *see, e.g.*, note 3, *supra*; *Doe v. Cutter Biological*, 774 F. Supp. 1001, 1004 (E.D. La. 1991) ("Procedural prematurity is not a conceptually accurate measure of fraudulent joinder if the claim [or] theory asserted can be said to have plausible substantive merit. Prematurity does not trump viability."), those cases now are fundamentally irreconcilable with this binding Fifth Circuit law.

16.

The Fifth Circuit's reasoning in *Holder* and *Melder* were adopted by this Court in *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747 (E.D. La. May 23, 2006) (Africk, J.), in concluding that a qualified healthcare provider is improperly joined if the plaintiffs have not first submitted their medical malpractice claim before the state administrative medical review panel as required by the LMMA. The *Senia* court found that, "[w]hile the Fifth Circuit has not specifically addressed the Louisiana Medical Malpractice Act's administrative requirements' effect on diversity, the teaching of *Melder* and *Holder* is that a non-diverse defendant is improperly joined if plaintiffs' claim is premature at the time of removal." *Senia*, 2006 WL 1560747, at *3. The *Senia* court therefore held that "[n]otwithstanding the fact that, at some point in the future, plaintiffs may have viable claims against [the doctor], Fifth Circuit law establishes that he is presently improperly joined. Accordingly, plaintiffs motion to remand must be denied." *Id.*

17.

Given binding Fifth Circuit precedent, previous decisions by the Louisiana federal district courts,[5] and this Court's decision in *Senia*, Ochsner Clinic Foundation is improperly joined. Ignoring the citizenship of this improperly joined defendant, complete diversity exists between Plaintiffs and GSK.

---

[5]*See* note 2 *supra.*

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

18.

GSK was served on July 6, 2006. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

19.

The United States District Court for the Eastern District of Louisiana embraces the parish in which the state court action was filed and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

20.

Because Ochsner Clinic Foundation is improperly joined, its consent need not be obtained for removal to federal court. *See Jernigan* v. *Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

21.

Pursuant to 28 U.S.C. § 1446(a), the entire record from the state court, including the Petition and Citation, are attached as Exhibit "D" to this Notice of Removal.

22.

Pursuant to 28 U.S.C. § 1446(d), Defendant GSK is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal together with this Notice of Removal are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant GSK respectfully removes this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing case number 2006-0002096, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

JAMES B. IRWIN (La. Bar No. 7172)
QUENTIN F. URQUHART, JR. (La. Bar No. 14475)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2101

*Counsel for Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon counsel of record by mailing a copy of same to each by Federal Express delivery, on this 31 day of July, 2006.

-1-